FILED
United States Court of Appeals
Tenth Circuit

February 13, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID DANYLCHUK,

    Petitioner - Appellant,

v.

JANET DOWLING, Warden,

    Respondent - Appellee.

No. 19-7038
(D.C. No. 6:17-CV-00426-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

    David Danylchuk, proceeding pro se, seeks a certificate of appealability (COA) so he can appeal the denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. *See id.* § 2253(c)(1)(A) (stating no appeal may be taken from a final order denying a § 2254 petition without a COA). We deny a COA and dismiss this matter.

I

    Danylchuk was sentenced to concurrent terms of life and ten years in prison, respectively, on his jury convictions for first degree murder (malice aforethought) and conspiracy to commit felonious pointing of a firearm. After an unsuccessful direct appeal

_____

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to the Oklahoma Court of Criminal Appeals (OCCA) and unsuccessful post-conviction proceedings, Danylchuk filed his § 2254 petition. The district court denied the petition and denied a COA. Danylchuk now seeks a COA in this court.[1]

II

To obtain a COA, Danylchuk must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where the district court dismissed the petition on procedural grounds, he must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In deciding whether to grant a COA, we undertake "a preliminary, though not definitive, consideration of the . . . framework" governing his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Danylchuk seeks a COA on fifteen claims, although most of them were not properly presented in state court. Indeed, Danylchuk has asserted shifting theories throughout the state and federal proceedings, which led the district court to conclude that many claims were unexhausted and procedurally defaulted. The district court denied two remaining claims on the merits: one challenging the sufficiency of the evidence and

---

[1] Danylchuk did not file a request for COA, but we construe his notice of appeal as a COA application. *See* 10th Cir. R. 22.1(A).

another alleging prosecutorial misconduct. Based on our preliminary consideration of the claims presented in the COA application, we conclude that reasonable jurists would not debate the district court's resolution of any of the claims.[2] Accordingly, we deny a COA.

### A. Exhaustion & Procedural Default

Danylchuk seeks a COA on six claims alleging: 1) the trial court denied him a fair trial by failing to instruct the jury on allegedly false testimony proffered by Detective Helms; 2) prosecutorial misconduct for eliciting allegedly false testimony from Detective Helms; 3) prosecutorial misconduct for commenting on the case of Trayvon Martin; 4) ineffective assistance of trial counsel for failing to request the jury be polled on the impact of comments made by a prospective juror, Marr, concerning the credibility of a potential witness, Herman Wheeler; 5) ineffective assistance of trial counsel for failing to request a hearing or impeach Juror Turner regarding her Facebook page; and 6) ineffective assistance of trial counsel for failing to request a hearing regarding juror discussions during voir dire. Danylchuk also seeks a COA on seven additional claims alleging appellate counsel was ineffective for failing to raise these claims and for failing to argue the trial court should have polled the jury about the impact of Marr's comments.

The district court determined the first six underlying claims were procedurally defaulted because Danylchuk failed to present them to the OCCA on direct appeal and, as a result, the OCCA refused to consider them on post-conviction review. *See Davis v. Sharp*, 943 F.3d 1290, 1297 (10th Cir. 2019) ("The procedural-default rule generally

---

[2] Claims that Danylchuk previously raised but omitted from his brief to this court are waived. *See Smith v. Workman*, 550 F.3d 1258, 1267 n.4 (10th Cir. 2008).

prevents a federal court from reviewing a habeas claim when the state court declined to consider the merits of that claim based on independent and adequate state procedural grounds." (internal quotation marks omitted)). This conclusion is not reasonably debatable. The OCCA's refusal to consider these claims was based on independent and adequate state law grounds. *See id.* at 1296 (recognizing that under Oklahoma law, "issues that were not raised previously on direct appeal, but which could have been raised, are waived" (internal quotation marks omitted)); *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("The waiver of claims not brought on direct appeal is based on state law, *see* [] Okla. Stat. tit. 22[,] § 1086, and this court has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate with respect to claims other than ineffective assistance of counsel."). Although three claims assert ineffective assistance of trial counsel, "[t]he state procedural bar is adequate . . . where the defendant is represented by different counsel on appeal and . . . the ineffective assistance claim [can] be resolved solely on the direct appeal record," *id.* at 1266. Both criteria are satisfied, and thus, the six underlying claims are barred.

"A petitioner may overcome the procedural bar only if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018) (internal quotation marks omitted), *cert. denied sub nom. Grant v. Carpenter*, 139 S. Ct. 925 (2019). Danylchuk makes no attempt to show cause and prejudice or a fundamental miscarriage of justice,

4

and thus reasonable jurists would not debate the district court's conclusion that the claims are procedurally defaulted.

There is one caveat: Danylchuk's ineffective-appellate-counsel claims could serve as cause to excuse the default. *See Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). But "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" that must be separately "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (internal quotation marks omitted). The district court determined Danylchuk's ineffective-appellate-counsel claims were unexhausted. Indeed, he never fairly presented these claims to the state courts and he would be precluded from doing so now.[3] Thus, the ineffective-appellate-counsel claims are subject to anticipatory procedural bar and cannot serve as cause for the default. *See id.* at 453. It follows, moreover, that the district court's denial of relief on these claims is not reasonably debatable.

Although Danylchuk raised the underlying substantive claims to the OCCA on post-conviction review, the OCCA refused to consider them, and in any event, the

---

[3] In his post-conviction brief to the OCCA, Danylchuk claimed appellate counsel was "ineffective for failing to raise the specific meritorious claims presented in [his post-conviction application], specifically raising the claim that the State failed [to] prove elements 3 and 4 of [first degree murder]." R., Vol. 1 at 410. The OCCA denied the claim, ruling he failed to establish prejudice, *see id.* at 423, but the district court ruled there was no fair presentation for purposes of exhausting an ineffective-assistance-of-appellate-counsel claim, *id.* at 493. This conclusion is not debatable because, as the district court observed, Danylchuk failed to provide any factual basis for his claim or show how he was prejudiced. *See Grant*, 886 F.3d at 891 ("[C]iting the relevant legal principles, absent the relevant facts, [is not] sufficient to fairly present a claim.").

5

underlying claims could not exhaust his analytically distinct claims alleging ineffective assistance of appellate counsel for failing to raise the underlying claims. "[T]here is no fair presentation [for exhaustion purposes] if the claim before the state court was only somewhat similar to the claim pressed in the habeas petition." *Grant*, 886 F.3d at 891 (internal quotation marks omitted). If a petitioner "shift[s] the basis for his or her argument away from what was previously raised in state court," the claim has not been exhausted. *Id.* (brackets and internal quotation marks omitted); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (recognizing a petitioner "cannot assert entirely different arguments from those raised before the state court"); *Hawkins v. Mullin*, 291 F.3d 658, 669 (10th Cir. 2002) (holding state claim of trial court error for failure to ensure knowing and voluntary waiver of opportunity to present mitigating evidence did not exhaust federal claim of ineffective assistance of counsel for failure to investigate and explain possibly mitigating evidence). Danylchuk failed to exhaust his ineffective-appellate-counsel claims, they are therefore procedurally defaulted, *see* Okla. Stat. tit. 22, § 1086, and he makes no attempt to show cause and prejudice or a miscarriage of justice. Thus, reasonable jurists would not debate the district court's denial of these claims.

### B. Merits

We turn now to the two claims the district court denied on the merits. To obtain federal habeas relief for a claim adjudicated on the merits by a state court, an applicant must show the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). The district court determined that the OCCA's rejection of Danylchuk's claims was neither contrary to, nor an unreasonable application of, clearly established law. Again, reasonable jurists would not debate the district court's conclusion.

### 1. *Sufficiency of the Evidence*

Danylchuk claims there was insufficient evidence to support his murder conviction. When reviewing a claim for sufficiency of the evidence, a federal habeas court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The OCCA applied the *Jackson* standard and concluded the evidence was sufficient to sustain the conviction. The district court determined the OCCA's decision was neither contrary to, nor an unreasonable application of, Supreme Court precedent. Based on our preliminary review, reasonable jurists would not debate the district court's conclusion.

### 2. *Prosecutorial Misconduct*

Danylchuk also claims he was denied a fair trial when the prosecutor questioned Doug Daniel about having throat cancer. He contends this questioning was irrelevant and meant to evoke the jury's sympathy for Daniel. To warrant habeas relief, a petitioner must show the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). On direct appeal, the OCCA ruled that relief would not be granted unless the

alleged misconduct was "so flagrant and . . . so infected the defendant's trial that it was rendered fundamentally unfair." R., Vol. 1 at 325 (internal quotation marks omitted). Reviewing for plain error, the OCCA concluded the questions were not improper because "[t]he prosecutor's inquiry regarding Daniel's throat cancer was limited and served the purpose of explaining to the jury why Daniel had difficulty speaking." *Id.* at 325-26. The district court similarly determined "the discussion of Daniel's cancer was merely an instance of introductory questions and answers with the purpose of explaining Daniel's difficulty in speaking to the jury." *Id.* at 471. Thus, the district court concluded that the OCCA's decision was not contrary to, or an unreasonable application of, federal law. Based on our preliminary review, reasonable jurists would not debate the district court's conclusion. Consequently, Danylchuk is not entitled to a COA on this claim.

## III

For the foregoing reasons, we deny a COA and dismiss this matter.

Entered for the Court

Bobby R. Baldock
Circuit Judge